IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL HENRY HEARN,

    Plaintiff,

v.                                                 Civil Action No. **3:12CV469**

**UNITED STATES,**

    Defendant.

## MEMORANDUM OPINION

Plaintiff, a Mississippi inmate, submitted this action and requested leave to proceed *in forma pauperis*. The pertinent statute provides:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff has at least three other actions or appeals that have been dismissed as frivolous or for failure to state a claim. *See, e.g., Hearn v. Warden*, No. 4:05cv18TSL-AGN, 3 n.2 (S.D. Miss. Jan. 28, 2005) (citing cases). Plaintiff's current pleading[1] does not suggest that Plaintiff is in imminent danger of serious physical harm.

By Memorandum Order entered on July 23, 2012, this Court denied Plaintiff's request to proceed *in forma pauperis* and ordered him to submit the full filing fee within eleven (11) days

---

[1] Plaintiff titled his initial pleading a "MOTION FOR JUDGEMENT NOTWITHSTANDING THE VERDICT." In this rambling document, Plaintiff does not coherently identify the basis for the Court's jurisdiction. Should Plaintiff wish to challenge his Mississippi convictions by filing a federal petition for a writ of habeas corpus, he must file a 28 U.S.C. § 2254 petition in the appropriate United States District Court in Mississippi. *See* 28 U.S.C. § 2241(d) (requiring state prisoners to file habeas petitions in the district court in the judicial district of their confinement "or in the district court for the district within which the State court was held which convicted and sentenced him . . . .").

of the date of entry thereof. Plaintiff failed to respond to the July 23, 2012 Memorandum Order. Accordingly, this action will be DISMISSED WITHOUT PREJUDICE. *See* Fed. R. Civ. P. 41(b).

    An appropriate Order shall issue.

Date: 10/2/12
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge